IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY HARRIS, §
§
Plaintiff, §
§
V. § No. 3:24-cv-267-G-BN
§
KEITH GRANT, §
§
Defendant. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Keith Grant, proceeding *pro se*, removed to federal court a state court family law proceeding in Dallas County, Texas, asserting that there is subject matter jurisdiction under 28 U.S.C. § 1331. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction, this lawsuit should be *sua sponte* remanded to the state court from which it was removed.

**Discussion**

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

But the federal courts' jurisdiction is limited, and they generally may only hear

a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

And, due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted).

Relatedly, the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Grant alleges that federal law supports removal, so the undersigned starts with federal question jurisdiction.

Under Section 1331, such jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is

removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

Grant has not shown that a claim asserted in the underlying state proceeding provides a basis for federal question jurisdiction under the Constitution, the statutes cited, or otherwise.

And, to the extent that Grant may invoke federal law as a defense or through a counterclaim, neither a defense nor a counterclaim, even one based in federal law or raising a disputed question of federal law, will support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, … even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather,

[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the

federal system. It is insufficient that a federal question has been raised
as a matter of defense or as a counterclaim.

*Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998)

(cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly
pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

The undersigned also addresses jurisdiction under 28 U.S.C. § 1332 because
Grant includes in the notice of removal Respondent's Special Appearance, a pleading
that appears to have been filed in state court, through which Grant alleges that his
"legal domicile is outside Texas and is in Los Angeles County, California." Dkt. No. 3
at 2.

This allegation does not itself establish diversity jurisdiction under Section
1332 since Grant neither alleges the citizenships of all parties nor an amount in
controversy. And, even if Grant did allege more, the caption of the notice of removal
raises a reasonable inference that the underlying state lawsuit concerns child
custody. *See* Dkt. No. 3 at 1. This would implicate the narrow domestic relations
exception to Section 1332 jurisdiction. *See, e.g.*, *Escalante v. Lidge*, 34 F.4th 486, 49-
91 (5th Cir. 2022) (discussing "[t]he clearest modern elaboration of the exception," as
set out in *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) ("[T]he domestic
relations exception encompasses only cases involving the issuance of a divorce,
alimony, or child custody decree.")).

In sum, Grant has not shown that there was federal subject matter jurisdiction
at the time of removal. So the Court is required to *sua sponte* remand this case to

state court under 28 U.S.C. § 1447(c) – which "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (emphasis in original). *Cf. Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023) ("Either the federal courts have subject matter jurisdiction, and the plaintiffs' claims can be adjudicated; or there is no federal jurisdiction, and the suit must be remanded to state court. Federal jurisdiction is not a game of whack-a-mole.").

## Recommendation

Because the party invoking the Court's jurisdiction through removal has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County, Texas state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 8, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE